UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REUBEN AVENT,

                    Plaintiff,

        -against-

KEYBANK; UNKNOWN SUPERVISOR JAY
OF KEY BANK; UNKNOWN REP OF KEY
BANK JAY; ROBERTA REARDON, NYS
DEPT. OF LABOR SUPERINTENDENT;
KERRI LOVELAND, UNKNOWN NYS
DEPT. OF LABOR EMPLOYEES; 2/5/2021
UNKNOWN KEYBANK REP,

                    Defendants.

21-CV-01466 (CM)

ORDER OF DISMISSAL WITH LEAVE TO
REPLEAD

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his

federally protected rights. By order dated March 1, 2021, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below,

the Court dismisses Plaintiff's complaint with leave to replead.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any

given case depends upon a variety of factors, including the procedural context and relevant

characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A

frequent *pro se* litigant may be charged with knowledge of particular legal requirements. *See*

*Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent

*pro se* litigant may be charged with knowledge of particular legal requirements).

## BACKGROUND

Named as Defendants in this complaint are the Commissioner of the New York State

Department of Labor (DOL) Roberta Reardon; DOL employee Kerri Loveland; Keybank; a

Keybank representative named Jay; and Doe defendants at the DOL and Keybank. The

complaint sets forth the following allegations.

On December 22, 2019,[1] the New York State Department of Labor (DOL) "stopped" the

"electronic transfer" of Plaintiff's unemployment benefits "for an unknown reason." (ECF 2 ¶ 4.)

Plaintiff twice updated his banking information, but instead of sending the funds to Plaintiff's

---

[1] Plaintiff may have intended to write 2020.

bank — Green Dot Bank — the DOL sent them to "their third party bank," KeyBank2benefits.[2] (*Id.* ¶¶ 5, 7.) Plaintiff contacted Keybank in early 2021 and was "advised that he had $1,200 or so" in his account. But Plaintiff does not have a Keybank card because he has used Green Dot Bank for over two years. Plaintiff did not authorize the DOL to give Keybank control over his benefits, and he did not "waive his financial or/and property rights of his benefit funds over to" Keybank. (*Id.* ¶ 8.) Plaintiff asserts that he has been denied his "federal stimulus" and "unemployment funds" since December 25, 2020.

A Keybank representative told Plaintiff to contact the DOL to fix the problem. But a DOL employee told Plaintiff that he was "prohibited from inquiring about any funds already deposited in his account as a blanket policy," that he had "no rights to such funds," and that he would have to "call them" to get a bank card. (*Id.* ¶ 10.) A replacement Keybank card was apparently mailed to Plaintiff, but he did not receive it. Plaintiff alleges that in the past, Defendants had "maliciously" sent him a replacement card to an outdated address. (*Id.* ¶ 9.)

According to Plaintiff, Defendants are retaliating against him for "prior litigation" he filed against the DOL and Target. In that action, Plaintiff alleged that the DOL and Target conspired to intimidate him because he was pursuing an employment discrimination claim against Target. Plaintiff alleges that the DOL knew that he had changed his address, "as they filed fraud charges against" him surrounding his address change . . . which was the subject of [his] prior lawsuit."[3] (*Id.* ¶ 6 and n.2.)

---

[2] An unemployment benefits recipient may choose to have his funds deposited into his own bank account, or into a Keybank account. *See* https://dol.ny.gov/unemployment-insurance-payment-options.

[3] The docket number that Plaintiff provides, No. 19-CV-10907, refers to a different case that Plaintiff previously filed: *Avent v. Progressive Cas. Ins. Co.*, No. 1:19-CV-10907 (JGK) (S.D.N.Y. Mar. 1, 2021) (dismissing with prejudice claims under § 1981 and § 1983). The case to which Plaintiff refers appears to be: *Avent v. Reardon*, No. 19-CV-1565, 2020 WL 7705938

In this complaint, Plaintiff asserts claims under 42 U.S.C. §§ 1982 and 1983, alleging that

Defendants have conspired to violate his "civil rights in banking and finance" and his rights to

equal protection and due process (*Id.* ¶¶ 2-3.) Plaintiff claims that Defendants "apparently

tend[]" to discriminate against African Americans who receive unemployment insurance

benefits, and have failed to train or supervise their employees. Plaintiff seeks $40 million in

"compensation damages," and $80 million in punitive damages.

### DISCUSSION

**A.      Race Discrimination Claim**

Plaintiff filed this complaint under 42 U.S.C. § 1982, which provides that "[a]ll citizens

of the United States shall have the same right, in every State and Territory, as is enjoyed by

white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal

property." *See United States v. Nelson*, 277 F.3d 164, 177 (2d Cir. 2002) (§ 1982 forbids "public

and private racially discriminatory interference with property rights"). To state a claim under

§ 1982, a plaintiff must allege discriminatory interference with some right involving real or

personal property. *See Young v. Suffolk County*, 705 F. Supp.2d 183, 207 (E.D.N.Y. 2010)

(dismissing complaint filed under § 1982 because it contained no facts suggesting that the

plaintiff was subject to unlawful discrimination); *Bishop v. Toys "R" Us-NY LLC*, 414 F.

Supp.2d 385, 395 (S.D.N.Y. 2006) (same) (citing *City of Memphis v. Greene,* 451 U.S. 100, 121-

22 (1981)).

Plaintiff also invokes 42 U.S.C. § 1983. To state a §1983 claim, a plaintiff must allege

both that: (1) a right secured by the Constitution or laws of the United States was violated, and

(N.D.N.Y. Dec. 28, 2020) (dismissing discrimination, retaliation, and conspiracy claims against
Reardon and Loveland, who are defendants in this case, and allowing employment
discrimination claims against Target to proceed).

(2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A § 1983 plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff further asserts that Defendants violated his right to equal protection. The Fourteenth Amendment's Equal Protection Clause "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). To state an equal protection claim, a plaintiff must allege that he is a member of a suspect or quasi-suspect class of persons, *see Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); such classes include, but are not limited to, classes identified by race, gender, alienage, or national origin, *see Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998).

A plaintiff asserting an equal protection claim must also allege facts showing that the defendants have purposefully discriminated against him because of his membership in that class. *See Turkmen v. Hasty*, 789 F.3d 218, 252 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 676, *rev'd and vacated in part on other grounds sub nom.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)); *Giano*, 54 F.3d at 1057. "[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." *Turkmen*, 789 F.3d at 252 (quoting *Iqbal*, 556 U.S. at 676-77) (internal quotation marks and citations omitted, alterations in original); *Dawkins v. Hudacs*, No. 94-CV-1655, 1996 WL 12032, at *4 (N.D.N.Y. Jan. 5,1996) (because plaintiff did not allege how he was denied unemployment benefits in a discriminatory manner, or how similarly situated people were treated differently from him, he failed to state an equal protection claim).

Plaintiff alleges that the DOL failed to act on his requests that his unemployment benefits be deposited into his existing bank account, and instead opened an account with Keybank. When Plaintiff contacted Keybank, he was told that he needed to resolve the problem through the DOL. Thereafter, Plaintiff continued to have difficulty either remedying the matter or obtaining the card necessary to access the Keybank account.

Having considered these allegations, the Court cannot conclude that any Defendant acted with racial animus toward Plaintiff, took any adverse action against him because of his membership in a protected class, or treated him differently from similarly situated people. The complaint is devoid of any facts supporting Plaintiff's assertion that Defendants discriminated

against him or otherwise acted unlawfully. Accordingly, Plaintiff fails to state a race

discrimination or equal protection claim under § 1982 or § 1983.[4]

## B.    Conspiracy and Retaliation

To state a conspiracy claim under § 1983, a plaintiff must show "(1) an agreement

between two or more state actors or between a state actor and a private entity; (2) to act in

concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal

causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague or

unsupported assertions of a conspiracy are insufficient to state a claim under § 1983. *See, e.g.,*

*Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340

F.3d 105, 110-11 (2d Cir. 2003).

To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech

or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff,

and (3) that there was a causal connection between the protected speech and the adverse action."

*Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (citing *Espinal v. Goord,* 558 F.3d 119, 128

(2d Cir. 2009). "[T]he right of access to the courts is an aspect of the First Amendment right to

petition the Government for redress of grievances." *Bill Johnson's Rests., Inc. v. NLRB,* 461 U.S.

731, 741 (1983); *see also California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508,

510 (1972). As such, this right "cannot be impaired, either directly . . . or indirectly, by

threatening or harassing an [individual] in retaliation for filing [a] lawsuit[ ]. . . ." *Harrison v.*

*Springdale Water & Sewer Comm'n,* 780 F.2d 1422, 1428 (8th Cir. 1986) (internal citations and

---

[4] Because Plaintiff fails to state a claim, the Court need not address the issue of whether Keybank acted under color of state law or should be deemed a state actor for purposes of liability under §1983. *See Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (holding that private entities generally not liable under § 1983) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

quotations omitted). Because claims of retaliation are easily fabricated, courts consider such claims with skepticism and require that they be supported by specific facts. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 2003).

Plaintiff's complaint does not contain specific facts from which the Court can infer that Defendants conspired against him or retaliated against him. Plaintiff does not allege any facts suggesting that Defendants agreed to act in concert to inflict an unconstitutional injury upon him. Plaintiff asserts that Reardon and Loveland retaliated against him for filing a prior lawsuit against them, but he fails to show any connection between that lawsuit and his experience with the DOL. In fact, Plaintiff fails to allege how Reardon and Loveland were even personally involved in the events giving rise to this complaint.

For these reasons, the Court finds that Plaintiff has failed to state a claim of conspiracy or retaliation.

## C.     Due Process

Plaintiff asserts that Defendants violated his right to due process. The two threshold questions in any claim for the denial of procedural due process are whether the plaintiff possessed a liberty or property interest and, if so, what process was due before plaintiff could be deprived of that interest. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). Public benefits such as unemployment insurance "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005).

Due process typically requires predeprivation notice and an opportunity to be heard. *Goldberg v. Kelly*, 397 U.S. 254, 260-61 (1970). But a government agent's random and unauthorized act does not violate due process if a meaningful post-deprivation remedy is available; that is, when the government cannot predict precisely when the loss will occur, it

would be impossible to provide a meaningful hearing *before* the deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *see also Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy."). In other words, if the state provides a procedure to address a deprivation, "there will be no claim before the federal court, whether or not [the] plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Even assuming Plaintiff was deprived of any of his unemployment benefits, the DOL provides remedies for challenging the deprivation of or delay in receiving unemployment benefits. If a recipient disagrees with a DOL action, he may request an "informal conference" to "attempt to resolve the matter." If that procedure is not successful, the next step is to request a "formal hearing" before an administrative law judge (ALJ). An ALJ's decision may be appealed to the Unemployment Insurance Appeal Board (UIAB), and judicial review of a UIAB decision may be sought in the appropriate New York State Supreme Court, Appellate Division. *See* https://labor.ny.gov/ui/aso/hearing2.shtm.

Courts have found these remedies to be constitutionally adequate for challenging adverse actions in connection with unemployment insurance benefits, including where the plaintiff alleges that benefits were not deposited into the plaintiff's preferred bank account. *See Hines v. New York State Department of Labor Staff*, No. 20-CV-517, 2020 WL 3035574, at *1 (N.D.N.Y. June 5, 2020) (holding that Plaintiff's claim that his benefits were not "issued to his bank of choice" did not state a due process claim) (citing *David v. Commissioner of Labor*, No. 91-CV-

7987 (MBM), 1992 WL 25200, at *2 (S.D.N.Y. Jan. 31, 1992) (holding the plaintiff failed to show an "unreasonable delay" in receiving his benefits sufficient to state a due process claim)).

Plaintiff alleges that he provided the DOL with his personal banking information, but his benefits were instead sent to Keybank. It appears that Plaintiff's problems with obtaining access to his benefits persist. Because New York provides adequate postdeprivation remedies to resolve issues like these, however, Plaintiff cannot claim a denial of due process under the Fourteenth Amendment, even if he has failed to take advantage of those remedies.

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the defects in Plaintiff's complaint may not be cured with an amendment, because Plaintiff proceeds *pro se*, the Court grant him leave to amend his complaint.

A review of Public Access to Court Electronic Records (PACER) shows, however, that Plaintiff has filed approximately 14 cases in this Circuit, some of which assert similar claims to those set forth in this complaint. *See, e.g.*, *Avent v. Estervez*, No. 20-CV-1197 (ALC) (pending § 1983 complaint against parole officer); *Avent v. James*, No. 19-CV-10923 (CM) (S.D.N.Y. Apr. 6, 2020) (order dismissing complaint for failure to state a claim and on immunity grounds), *appeal dismissed*, 19-4319(L), 20-581(Con) (2d Cir. May 8, 2020) (order dismissing appeals because they "lack[ ] an arguable basis either in law or in fact."); *Avent v. Reardon*, No. 19-CV-1565, 2020 WL 7705938, at *9 and n.4 (N.D.N.Y. Dec. 28, 2020) (order noting Plaintiff's "extensive" litigation experience and listing 13 cases filed in this Circuit); *Avent v. Platinum Plus Auto Protection,* No. 19-CV-1494 (N.D.N.Y. Feb. 23, 2021) (order dismissing complaint and granting Plaintiff leave to file amended complaint to assert §§ 1981, 1983, and 1988 claims);

*Avent v. Meilunas*, No. 19-CV-70, 2019 WL 1785085 (N.D.N.Y. Apr. 24, 2019) (order adopting report and recommendation and dismissing civil rights complaint), *motion for emergency relief dismissed*, No. 19-1909, 2020 WL 3619847, at *1 (2d Cir. Mar. 12, 2020) (order denying motion for an emergency injunction because Plaintiff had not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), and because the appeal "lacks an arguable basis either in law or in fact"); *Avent v. Platinum Plus Auto Protection,* No. 19-CV-0831, (N.D.N.Y. Sept. 16, 2019) (order adopting report and recommendation and dismissing claims under §§ 1981, 1983, and 1988).

In light of Plaintiff's litigation history, the Court finds that Plaintiff is or should already be aware of federal pleading requirements. Plaintiff is warned that further nonmeritorious litigation in this District may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court grants Plaintiff leave to replead his claims. Plaintiff must submit an amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-01466 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief

may be granted and on immunity grounds.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 1, 2021
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.